```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,        :
        Plaintiff
                                 :

        vs.                      : CRIMINAL NO. 1:CR-88-00173-01

                                 :
KEVIN ROBERSON,
        Defendant                :
```

*M E M O R A N D U M*

I.   *Introduction*

Defendant, Kevin Roberson, filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. The Federal Public Defender was then appointed to represent him and has filed a brief in support of the motion.

The government opposes the motion on the ground that Defendant is a career offender and the amendment thus has no effect on the calculation of his guideline range.

It appears that Defendant was mistakenly categorized as a career offender, but we must deny the motion because Defendant's recalculated guideline range is the same as his original one, even as it should have been calculated. Hence, Defendant is not entitled to a reduction.

II.     *Background*

In March 1989, Defendant pled guilty to conspiracy to possess with the intent to manufacture or distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). On June 30, 1989, he was sentenced to 360 months' imprisonment on each offense to run concurrently.

The presentence report (PSR) had the following calculation of Defendant's guideline range. With a drug quantity in excess of 500 grams of cocaine base, Defendant had a base offense level of 36. Two levels were added for possession of a firearm during the drug offense, and three levels were added for his role in the offense as a manager or supervisor of five or more participants, making a total offense level of 41. (PSR ¶¶ 14-20). Under U.S.S.G. § 4B1.1, Defendant was given a criminal history category of VI, based on two prior convictions for controlled substance offenses. One offense was for possession of PCP for sale (PSR ¶ 23) and the other was for possession of crack cocaine. (*Id.* ¶ 25). This made Defendant's guideline range 360 months to life. (*Id.* ¶ 33).

As Defendant points out, he should not have been designated a career offender because under section 4B1.1(a) he

had to have had at least two prior convictions for a controlled substance offense, and his possession offense did not qualify, as it failed, and still fails, to meet the definition of a controlled substance offense in the guidelines, which requires in part some element of manufacture or distribution. *See* U.S.S.G. §§ 4B1.1 and 4B1.2 and historical notes.

However, Defendant's original guideline range is still 360 months to life if we perform the calculation without using the career-offender guideline. Without that guideline, his criminal history category is IV. (PSR ¶¶ 26-28). With a total offense level of 41, his corrected original guideline range remains 360 months to life. Hence, this error was harmless and has no impact on how we should resolve the current motion.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

3

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.*, § 1B1.10(b)(1).

4

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.*, § 1B1.10(b)(1).

In doing so, as the probation office's addendum to the PSR shows, Defendant's guideline range remains unaffected by the amendment. While under the amendment his base offense level now starts at 34, as opposed to 36, adding in the two- and three-level enhancements that still apply takes him to a total offense level of 39. With a criminal history category of IV, Defendant's guideline range remains at 360 months to life. It follows that we cannot grant the reduction.

Defendant argues that we can because his total offense level has been reduced from 41 to 39. However, as noted, we can only grant the reduction if a defendant's guideline range has been reduced, not just his total offense level.

Citing *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), Defendant has also requested resentencing under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Hicks* would only assist Defendant if he were entitled to

5

a reduction under the amendment. In any event, we disagree with *Hick*'s ruling that *Booker* applies to resentencing under section 3582(c)(2). *See United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002)(on a section 3582(c)(2) reduction motion the defendant could not rely on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the motion is limited to consideration of the effect of the retroactive amendment on the defendant's sentence); *United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(per curiam)(nonprecedential); *United States v. Cruz*, No. 02-CR-0725, 2008 WL 539216 (E.D.N.Y. Feb. 27, 2008).

      We will issue an appropriate order.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: May 8, 2008

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   :
      Plaintiff
                                             :

      vs.   :   CRIMINAL NO. 1:CR-88-00173-01

                                             :
KEVIN ROBERSON,
      Defendant   :

*O R D E R*

AND NOW, this 8th day of May, 2008, it is ORDERED that Defendant's motion(doc. 101) under 18 U.S.C. § 3582(c)(2) is denied.

                                              /s/William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge