IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
        Plaintiff
                              :

        vs.          : CRIMINAL NO. 1:CR-88-00173-01

                              :

KEVIN ROBERSON,
        Defendant          :

*M E M O R A N D U M*

I.    *Introduction*

        Defendant, Kevin Roberson, has filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c) pursuant to Amendment 591 to the sentencing guidelines. Defendant was sentenced in 1989, and the Amendment became effective on November 1, 2000. The Amendment applies retroactively, so Defendant can invoke it. Amendment 591 clarified that a sentencing court must use the statute of conviction in choosing the offense guideline. Because we did in fact use the statute of conviction to choose Defendant's offense guideline, the amendment has no effect on the applicable guideline range used to calculate Defendant's sentence. We will therefore deny the motion.

II.     *Background*

In March 1989, Defendant pled guilty to conspiracy to possess with the intent to manufacture or distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). On June 30, 1989, he was sentenced to 360 months' imprisonment on each offense to run concurrently.

The presentence report (PSR) used the following analysis to calculate Defendant's guideline range. The offense guideline chosen was U.S.S.G. § 2D1.1 because under (now deleted) guideline section 2D1.4(a), the offense level for a conspiracy is the same as the offense level for the object of the conspiracy, and section 2D1.1 is the offense guideline for a section 841 offense. PSR ¶ 14; see also Sentencing Guidelines, App. A, Statutory Index).

With a drug quantity in excess of 500 grams of cocaine base, Defendant had a base offense level under section 2D1.1(a)(3) of 36.[1] Two levels were added under section 2D1.1(b)(1) for possession of a firearm during the drug offense, and three levels were added under U.S.S.G. § 3B1.1(b) for Defendant's role in the offense as a manager or supervisor of five or more participants, making for a total offense level of 41. (PSR ¶¶ 14-20). Under U.S.S.G. § 4B1.1, the career offender guideline, Defendant was given a

---

[1] By way of Amendment 706 to the guidelines, which generally reduced the base offense level for crack cocaine offenses by two levels, the current base offense level for this amount of crack cocaine is 34. Defendant had filed a previous section 3582(c)(2) motion seeking a reduction in sentence under Amendment 706. We denied that motion because the amendment did not affect his guideline range. *United States v. Roberson*, 2008 WL 2020209 (M.D. Pa. May 8, 2008), *aff'd*, 331 F. App'x 944 (3d Cir. 2009)(nonprecedential).

2

criminal history category of VI, based on two prior convictions for controlled substance offenses. This made Defendant's guideline range 360 months to life. (PSR ¶ 33). As noted, Defendant was sentenced to concurrent terms of 360 months.

III.     *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10(c) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 591 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

We cannot grant the motion because Amendment 591 does not lower Defendant's applicable guideline range. As pertinent here, Amendment 591 modified the

3

language of U.S.S.G. § 1B1.2(a) to make it clear that sentencing courts had to use the offense guideline for the statute of conviction, not an offense guideline for a different statutory offense that the defendant's conduct might also have satisfied. *See United States v. Swint*, 251 F. App'x 765, 767 (3d Cir. 2007)(per curiam)(nonprecedential). As noted above, in accord with Amendment 591, we did use the offense guideline, section 2D1.1, for the statutes of conviction, 21 U.S.C. §§ 841(a)(1) and 846. Defendant is therefore not entitled to relief as his guideline range was calculated in conformity with the amendment. *See Swint*, 251 F. App'x at 767 (no violation of Amendment 591 when selection of the offense guideline was in accord with the amendment).

Defendant cites *Watterson v. United States*, 219 F.3d 232 (3d Cir. 2000), in his support, but that case is distinguishable. In *Watterson*, in line with Amendment 591 but before its effective date although noting its promulgation, *id.* at 235 n.6, the Third Circuit stated that the offense guideline had to be chosen based on the statute of conviction. *Id.* at 236. In that case, the defendant had pled guilty to a violation of 21 U.S.C. § 846, conspiracy to distribute marijuana and cocaine. However, the trial court chose as the offense guideline U.S.S.G. § 2D1.2, the guideline applicable to an offense under 21 U.S.C. § 860, the distribution, in relevant part, of drugs near a school. The court did so because her offense conduct involved such activity. The Third Circuit said this was error, that section 2D1.1 should have been the offense guideline because that was her offense of conviction. *Watterson* is not relevant to the instant case because here we did use the proper offense guideline.

4

In asserting he is entitled to a sentence reduction, Defendant provides the following analysis. Defendant's offense level was increased by two points for possession of a firearm during a drug offense, but Amendment 591 precludes this two-point increase in his offense level. Additionally, under Amendment 706, his base offense level should be 34, not 36. Thus, his total offense level should be 37, after the three-point increase for being a manager or supervisor is added in. With a criminal history category of IV, rather than VI, his guideline range is really 292 to 365 months.[2] Since he was sentenced at the bottom of the guideline range before, he figures his sentence should be reduced to 292 months, the bottom of his new guideline range, making him eligible for immediate release.

There is one major difficulty with this analysis. First, Defendant believes that Amendment 591 precludes the two-point increase for firearm possession. He is mistaken. Among the sequence of steps in determining a defendant's guideline range, the first step is the choice of the offense guideline. *United States v. Grecco*, 342 F. App'x 739, 745 (3d Cir. 2009)(nonprecedential). The second step is the calculation of the base offense level, with the application, in relevant part, of "any appropriate section specific offense characteristics . . . ." *Id.* at 745-46. Amendment 591 operates only at the first step, *id.* at 746-47, which means that the two-point increase at the second step under section 2D1.1(b)(1) for firearm possession is unaffected by the amendment. It follows

---

[2] In our memorandum dealing with Defendant's sentence-reduction motion based on Amendment 706, we decided that Defendant was erroneously classified as a career offender and that his criminal history category was really IV. We denied the motion because even with a criminal history category of IV, Defendant's guideline range was unaffected and remained 360 months to life. 2008 WL 2020209, at *1.

that Defendant is not entitled to a sentence reduction because, even if we accept his other assumptions, with a total offense level of 39 and a criminal history category of IV, his guideline range remains at 360 months to life.

We also note that on appeal of our previous denial of a sentence reduction, the Third Circuit stated that we had no authority under 18 U.S.C. § 3582(c)(2) to reconsider Defendant's career offender status, only the effect of the amendment at issue. *Roberson*, *supra*, 331 F. App'x at 945 n.3 (citing *United States v. Mateo*, 560 F.3d 152, 156 (3d Cir. 2009)).  We lack that authority on the current motion as a well.  Hence, Defendant's criminal history category remains at VI.  In any event, Defendant's criminal history category does not affect the outcome because, as noted above, a proper calculation of his total offense level still leaves him with a sentencing range of 360 months to life, even if a history category of IV is used.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 29, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
    Plaintiff
: 

vs. : CRIMINAL NO. 1:CR-88-00173-01

:

KEVIN ROBERSON,
    Defendant :

*O R D E R*

AND NOW, this 29th day of April, 2011, it is ordered that Defendant's motion (doc. 123) under 18 U.S.C. § 3582(c)(2), filed April 15, 2011, is denied.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge